Samantha D. Rajapkse
Pro Se/ Plaintiff
Chattanooga, Tennessee 37412
423-551-1584Fax
samantharajapakse@outlook.com

ORIGINAL COPY

**FILED**

Apr 22 2021

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY   s/ franciscoh   DEPUTY

**UNITED STATES DISTRICT COURT**
**FOR SOUTHERN DISTRICT OF CALIFORNIA**

**JURISDICTION**

SAMANTHA RAJAPAKSE ,

      Plaintiff,

vs.

ESCROW.COM,

      Defendant (s)

Case No.:   **'21 CV0801 GPC MDD**

**COMPLAINT**
**FRAUD**
**MISREPRESENTATION**
**BREACH OF CONTRACT**

# TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF

**SOUTHERN CALIFORNIA, PLAINTIFF,** Samantha Rajapakse, pro se, do hereby file a

complaint against Escrow.com ( Escrow) , Ebay.Com its child company Ebay Motors and Evans

A . Boakye for Breach of Contract, Fraud, Wire Fraud, Misrepresentation, and assisting in a

fraudulent transaction. This case is an interstate transaction between the parties and additonal

Defendants may be added to her complaint. Plaintiff's complaint has plausible allegations of all

the elements of the come for relief and her claim, *Feldman v. Am Dawn, Inc., 849 F. 3d*

*1333.1339 (11th Cir. 2017)* A claim before this court has facial plausibility when a Plaintiff

pleads factural contents that allows the court to draw the reasonbale inference that the defendant

is liable for misconduct alleged, *Ashcroft v. Igbal, 556 U.S. 662, 678 (*2009 and pray all

particulary true where the offenses alleged may be established by the same evidence  against all

Defendants, *U.S. v. Echeles, 353 F.2d 892 (7th Cir.1965)*

COMPLAINTFRAUDMISREPRESENTATIONBREACH OF CONTRACT - 1

## JURISDICTION

Plaintiff bring this cause of action before this court under **28 U.S.C §1331** havaing original jurisdiction to be heard before this court.

## PARTIES INVOLVED

1. Plaintiff, Samantha Rajapakse, a citizen of the United States and a resident of Tennessee resides at 3221 Westonia Drive, Chattanooga, Tennessee 37412. Plaintiff is the buyer of the 2005 Hyundai Santa Fe GLS

2. Defendant#1 Escrow. Com is a business operation where its Headquarters is located at     San Franscicso, California, . Escrow.com is the wire transfer of funds for buyer and seller and is established to protect the buyer and seller during transcation to protect both parties from fraud and risk. Escrow.com is a third party vendor for Ebay to ensure payment is transferred to the seller.

3. Defendant #2 Ebay and Ebay Motors, is a business where it operation is located at Hamilton in San Jose, California . Ebay Motors allows private and dealers to list items including vehicles on their website.

4. Defendant#4 Evans A. Boakye, is a register dealer in New Jersey **( Dealer ID: 054960)** residing  at 9234 Cardinal Forest Lane, Unit 101, Lorton, Virginia 22079. Defendant Boakye has allege he is an Active Duty Soilder in the United States Military. The vehicle has New Jersey title but was listed and sold in Virginia. Under Virginia

COMPLAINTFRAUDMISREPRESENTATIONBREACH OF CONTRACT - 2

Lemon Law applies to this Defendant of selling a vehicle with full disclosure to the buyer prior to selling of a vehicle.

## **SUPPORTIVE LAWS FOR COMPLAINT**

**12 U.S. Code § 5481 - Definitions**

Except as otherwise provided in this title,[1] for purposes of this title,[1] the following definitions shall apply:

(1) Affiliate

The term "affiliate" means any person that controls, is controlled by, or is under common control with another person.

Consumer

The term "consumer" means an individual or an agent, trustee, or representative acting on behalf of an individual.

Consumer financial product or serviceThe term "consumer financial product or service" means any financial product or service that is described in one or more categories under—

(A) paragraph (15) and is offered or provided for use by consumers primarily for personal, family, or household purposes; or

(B) clause (i), (iii), (ix), or (x) of paragraph (15)(A), and is delivered, offered, or provided in connection with a consumer financial product or service referred to in subparagraph (A).

(6) Covered personThe term "covered person" means—

(A) any person that engages in offering or providing a consumer financial product or service; and

(B) any affiliate of a person described in subparagraph (A) if such affiliate acts as a service provider to such person.

(7) Credit

The term "credit" means the right granted by a person to a consumer to defer payment of a debt, incur debt and defer its payment, or purchase property or services and defer payment for such purchase.

(8) Deposit-taking activityThe term "deposit-taking activity" means—

(A)

the acceptance of deposits, maintenance of deposit accounts, or the provision of services related to the acceptance of deposits or the maintenance of deposit accounts;

(B) the acceptance of funds, the provision of other services related to the acceptance of funds, or the maintenance of member share accounts by a credit union; or

(C) the receipt of funds or the equivalent thereof, as the Bureau may determine by rule or order, received or held by a covered person (or an agent for a covered person) for the purpose of facilitating a payment or transferring funds or value of funds between a consumer and a third party.

(9) Designated transfer date

The term "designated transfer date" means the date established under section 5582 of this title.

(10) Director

The term "Director" means the Director of the Bureau.

(11) Electronic conduit servicesThe term "electronic conduit services"—

(A) means the provision, by a person, of electronic data transmission, routing, intermediate or transient storage, or connections to a telecommunications system or network; and

(B) does not include a person that provides electronic conduit services if, when providing such services, the person—

(i)

selects or modifies the content of the electronic data;

(ii) transmits, routes, stores, or provides connections for electronic data, including financial data, in a manner that such financial data is differentiated from other types of data of the same form that such person transmits, routes, or stores, or with respect to which, provides connections; or

(iii)

is a payee, payor, correspondent, or similar party to a payment transaction with a consumer.

(12) Enumerated consumer lawsExcept as otherwise specifically provided in section 5519 of this title, subtitle G or subtitle H, the term "enumerated consumer laws" means—

(I) subsections (b) through (f) of section 43 of the Federal Deposit Insurance Act (12 U.S.C. 1831t(c)[(b)]–(f));

(15) Financial product or service

(A) In generalThe term "financial product or service" means—

the initial term of the lease is at least 90 days; and

(III)

COMPLAINTFRAUDMISREPRESENTATIONBREACH OF CONTRACT - 5

in the case of a lease involving real property, at the inception of the initial lease, the transaction is intended to result in ownership of the leased property to be transferred to the lessee, subject to standards prescribed by the <u>Bureau</u>;

(iii)

providing real estate settlement services, except such services excluded under subparagraph (C), or performing appraisals of real estate or personal property;

(iv) engaging in <u>deposit</u>-taking activities, <u>transmitting or exchanging funds,</u> or otherwise acting as a custodian of funds or any financial instrument for use by or on behalf of a <u>consumer;</u>

(v) selling, providing, or issuing <u>stored value</u> or <u>payment instruments,</u> except that, in the case of a sale of, or transaction to reload, <u>stored value</u>, only if the seller exercises substantial <u>control</u> over the terms or conditions of the <u>stored value</u> provided to the <u>consumer</u> where, for purposes of this clause—

(II) advertising the nonfinancial goods or services of the seller on the <u>stored value</u> card or device is not in itself an exercise of substantial <u>control</u> over the terms or conditions;

(vii) providing payments or other financial data processing products or services to a <u>consumer</u> by any technological means,<u> including</u> processing or storing financial or banking data for any <u>payment instrument</u>, or through any payments systems or network used for processing payments data,<u> including</u> payments made through an online banking system or mobile telecommunications network, except that a <u>person</u> shall not be deemed to be a <u>covered person</u> with respect to financial data processing solely because the <u>person</u>—

(I) is a merchant, retailer, or seller of any nonfinancial good or service who engages in financial data processing by transmitting or storing payments data about a <u>consumer</u> exclusively for purpose of initiating payments instructions by the <u>consumer</u> to pay such <u>person</u> for the purchase

of, or to complete a commercial transaction for, such nonfinancial good or service sold directly by such person to the consumer; or

(II) provides access to a host server to a person for purposes of enabling that person to establish and maintain a website;

(viii) providing financial advisory services (other than services relating to securities provided by a person regulated by the Commission or a person regulated by a State securities Commission, but only to the extent that such person acts in a regulated capacity) to consumers on individual financial matters or relating to proprietary financial products or services (other than by publishing any bona fide newspaper, news magazine, or business or financial publication of general and regular circulation, including publishing market data, news, or data analytics or investment information or recommendations that are not tailored to the individual needs of a particular consumer), including—

(II) the information described in subclause (I)(aa) is not used by such person or affiliate in connection with any decision regarding the offering or provision of a consumer financial product or service to the consumer, other than credit described in section 5517(a)(2)(A) of this title;

(II) permissible for a bank or for a financial holding company to offer or to provide under any provision of a Federal law or regulation applicable to a bank or a financial holding company, and has, or likely will have, a material impact on consumers.

Breach of a fiduciary duty.

(26) Service provider

(A) In generalThe term "service provider" means any person that provides a material service to a covered person in connection with the offering or provision by such covered person of a consumer financial product or service, including a person that—

COMPLAINTFRAUDMISREPRESENTATIONBREACH OF CONTRACT - 7

(i)

participates in designing, operating, or maintaining the consumer financial product or service; or

(ii)

processes transactions relating to the consumer financial product or service (other than unknowingly or incidentally transmitting or processing financial data in a manner that such data is undifferentiated from other types of data of the same form as the person transmits or processes).

(B) ExceptionsThe term "service provider" does not include a person solely by virtue of such person offering or providing to a covered person—

(i)

a support service of a type provided to businesses generally or a similar ministerial service; or

(ii)

time or space for an advertisement for a consumer financial product or service through print, newspaper, or electronic media.

(C) Rule of construction

A person that is a service provider shall be deemed to be a covered person to the extent that such person engages in the offering or provision of its own consumer financial product or service.

(27) State

The term "State" means any State, territory, or possession of the United States, the District of Columbia, the Commonwealth of Puerto Rico, the Commonwealth of the Northern Mariana Islands, Guam, American Samoa, or the United States Virgin Islands or any federally recognized Indian tribe, as defined by the Secretary of the Interior under section 5131(a) of title 25.

(28) Stored value

(A) In general

The term "stored value" means funds or monetary value represented in any electronic format, whether or not specially encrypted, and stored or capable of storage on electronic media in such a way as to be retrievable and transferred electronically, and includes a prepaid debit card or product, or any other similar product, regardless of whether the amount of the funds or monetary value may be increased or reloaded.

(B) ExclusionNotwithstanding subparagraph (A), the term "stored value" does not include a special purpose card or certificate, which shall be defined for purposes of this paragraph as funds or monetary value represented in any electronic format, whether or not specially encrypted, that is—

(i) issued by a merchant, retailer, or other seller of nonfinancial goods or services;

(ii) redeemable only for transactions with the merchant, retailer, or seller of nonfinancial goods or services or with an affiliate of such person, which affiliate itself is a merchant, retailer, or seller of nonfinancial goods or services;

(iii)

issued in a specified amount that, except in the case of a card or product used solely for telephone services, may not be increased or reloaded;

(iv) purchased on a prepaid basis in exchange for payment; and

(v) honored upon presentation to such merchant, retailer, or seller of nonfinancial goods or services or an affiliate of such person, which affiliate itself is a merchant, retailer, or seller of nonfinancial goods or services, only for any nonfinancial goods or services.

COMPLAINTFRAUDMISREPRESENTATIONBREACH OF CONTRACT - 9

(29) Transmitting or exchanging funds

The term "transmitting or exchanging funds" means receiving currency, monetary value, or payment instruments from a consumer for the purpose of exchanging or transmitting the same by any means, including transmission by wire, facsimile, electronic transfer, courier, the Internet, or through bill payment services or through other businesses that facilitate third-party transfers within the United States or to or from the United States.

## 18 U.S. Code § 1341 - Frauds and swindles Wire Fraud

Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined under this title or imprisoned not more than 20 years, or both.

**29 U.S. Code § 1109. Liability for breach of fiduciary duty**

(a) Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

## Wire Fraud by Communication Elements

### 18 U.S.C. 1343—Elements of Wire Fraud

The elements of wire fraud under Section 1343 directly parallel those of the mail fraud statute, but require the use of an interstate telephone call or electronic communication made in furtherance of the scheme. *United States v. Briscoe*, 65 F.3d 576, 583 (7th Cir. 1995) (*citing United States v. Ames Sintering Co.*, 927 F.2d 232, 234 (6th Cir. 1990) (per curiam)); *United States v. Frey*, 42 F.3d 795, 797 (3d Cir. 1994) (wire fraud is identical to mail fraud statute except that it speaks of communications transmitted by wire); *see also, e.g., United States v. Profit*, 49 F.3d 404, 406 n. 1 (8th Cir.) (the four essential elements of the crime of wire fraud are: (1) that the defendant voluntarily and intentionally devised or participated in a scheme to defraud another out of money; (2) that the defendant did so with the intent to defraud; (3) that it was reasonably foreseeable that interstate wire communications would be used; and (4) that interstate wire communications were in fact used) (*citing* Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit 6.18.1341 (West 1994)), *cert. denied*, 115 S.Ct. 2289 (1995); *United States v. Hanson*, 41 F.3d 580, 583 (10th Cir. 1994) (two elements comprise the crime of wire fraud: (1) a

scheme or artifice to defraud; and (2) use of interstate wire communication to facilitate that scheme); *United States v. Faulkner*, 17 F.3d 745, 771 (5th Cir. 1994) (essential elements of wire fraud are: (1) a scheme to defraud and (2) the use of, or causing the use of, interstate wire communications to execute the scheme), *cert. denied*, 115 S.Ct. 193 (1995); *United States v. Cassiere*, 4 F.3d 1006 (1st Cir. 1993) (to prove wire fraud government must show (1) scheme to defraud by means of false pretenses, (2) defendant's knowing and willful participation in scheme with intent to defraud, and (3) use of interstate wire communications in furtherance of scheme); *United States v. Maxwell*, 920 F.2d 1028, 1035 (D.C. Cir. 1990) ("Wire fraud requires proof of (1) a scheme to defraud; and (2) the use of an interstate wire communication to further the scheme.").

## COUNTS

**Count I:** Defendant Evans A. Boakye with full intention and malice listed a 2005 Hyundai Santa Fe on the listing of Ebay and Ebay Motors to deceit . fraud, and scam buyer, Samantha Rajapakse into a purchasing the vehicle without fully disclosing the condition to extort funds from her.

**Count II:** Defendant Evans A. Borkye violated the Virginia Lemon Law by failure to fully disclose the condition of the vehicle to Rajapakse under the Virginia Lemon Law which is a misdemeanor criminal act under Viriginia statue.

Count III: Defendant Evans A. Boakye breach a contract agreement for failure to fully disclose the condition of a vehicle he listed on Ebay Motors causing Plaintiff Samantha Rajapakse financial hardship and Quiet enjoyment of property,

**Count IV:** Defendant Evans A. Boakye wire fraud by electronic devices by placing a misleading listing on Ebay.com and Ebay Motors to defraud, financial scam, and failure to disclose information in an internet sale, causing emotional duress, injury, loss of enjoyment of property,

**Court V:** Defendant Escrow.Com, its agent, management, a third party with Ebay.com and Ebay Motors with full knowledge of Evans A. Borkye intentional to wire fraud and criminal scam against buyer Samantha Rajapakse, by refusing to intervene, report, to protect her from being scammed and even assisted Boakye in forcing her to complete the funding transaction between the parties.

**Count VI:** Defendant Escrow.com, its agents and management with full knowledge of Evans A. Borkye intentional act to scam and commit fraud against Samantha Rajapakse failure assured Boakye funds would be turned ove to hiim within 10 days after Rajapakse rejected and reported the fraud with documenation to the company in assisting with the criminal act.

**Count V:** Defendant Escrow.com its agent and management with full knowledge of Evans A. Boakye intent to Fraud Samantha Rajapakse where documentaion support a fraud has assisted Boakye in completing wire fraud by transferring funds to Mr. Boakye in completting the criminal act.

Count VI: Defendant Escrow.com its agent and management acting as an "agent" with witholding funds with full knowledge of Evans A. Boakye intent to Fraud Samantha Rajapakse failure to uphold their policy to protect her as a buyer in a known criminal fraudulent activity causing her emotional duress, pain and suffering, financial lost.

COMPLAINTFRAUDMISREPRESENTATIONBREACH OF CONTRACT - 13

**Count VII:** Defendant Escrow.com and its agents has committed breach of fiduciary by funding a criminal transaction by Boakye against Rajapakse in a fraudulent binding contact of a vehicle.

## RIGHTS OF PLAINTIFF TO REPRESENT HERSELF PRO SE

Plaintiff is representing herself before the right which is garanteed under the Fourteenth Amendment of the United Sates Constitution and the Due Process Clause. The court is obligation to construe a pro se litigant's pleading liberal, *Haines v. Kerner, 404 U.S. 519; 520-21, 92 S.Ct. 594, 50 L Ed 2d 652 (1972).* Judges and court must give Pro se wider latitude and cannot not dimiss an action if there is any valid cause that they can see even if Plaintiff is not pointing out the right law and presenting it well. Finally, Pro se litigant submission are to be construded liberal and held and her petition before this court cannot be held to the sme standard as pleadings drafted by Attorneys, *Then v. INS, 58 Supp. 2d 422 429, DNJ 1999* (quoting *U.S. v. Day, 969 F.2d 39, 42 (3rd Cir. 1992); Estelle v. Gamble, 429 U.S. 97, 10 97 S.Ct. 285-50 L.Ed 2d 251 (1976); Conley b. Gibson, 255 U.S. 41 45-46, 78 S.Ct. 99 2 L. Ed 2d 80 (1957)* and the court take the substance rather than the form or terminology of a Pro se Litigant, *Brown b. City of Manchester, 722, 394, 397 1966 (Tenn).*

## STATEMENT OF FACTS.

COMPLAINTFRAUDMISREPRESENTATIONBREACH OF CONTRACT - 14

Plaintiff, Samantha Rajapakse, ( Rajapakse) was looking for a vehicle on Ebay Motors for a cash vehicle. When she ran upon an ad by Evans Boakye (Boakye /seller ) of a 2005 Hyundai Santa Fe GLS Navy Blue for $2,250.00. The seller stated:

> "*I have had this vehicle for 3 years and I have never*
> *Had any issues with it. It runs good. I got a new car*
> *And can not pay insurance on two vehicles.*"

Plaintiff contacted Boakye questioning the condition of the vehicle prior to and during the sale of the vehicle Prior to purchasing Rajapakse questioned the condition of the motor and was told by Boakye it was good and he had the motor checked out by a mechanic prior to the listin . On April 7,2021 Rajapakse agreed to purchase the vehicle and under the recommendaton of Ebay when through Escrow.Com to handle the financial transcation of funds pending the delivery of the vehicle. Prior to the pick up of the vehicle Rajapakse continue to text Boakye about the hoses and belts of the vehicle which is part of the normal wear and tear in which Boakye replied " Honestly I don't know." Communication ( phone calls, text, and emails ) in " good faith" Rajapakse assumed the repairs for normal wear and tear of the year and the 204,262 miles on the vehicle. The vehicle was picked up by a private Auto Transportation Service Taj We Haul on April 16,2021 and was Delivered to Rajapakse on April 16,2021 for the amount of $699.20. Under the terms of Escrow.Com the vehicle is to inspected by the buyer for 2 days and if the buyer is not happy with the vehicle the buyer is responsible for the return of the vehicle of to the seller for a refund. Immediately after inspecting the vehicle Rajapakse notice a pinging sound in the motor and immediately texted the Boakye of the noise. Boakye started to disclose information to Rajapakse that he had  failed to do so prior to the sale including the motor checked by a mechanic in New Jersey one year prior the listing. Durin g the conversation with Boakye in the morning of April

1,2021 Rajapakse question an issue that was listed on the bill of sale, but not disclosed prior to buying placed by Boakye which his response was he forgot to tell her. Rajapakse had the vehicle go through [1]inspection which it passed but the inspector passed the vehicle prior to hearing the pinging noise in the motor and advised Rajapakse had she hear the pinging it would have failed. The vehicle was immediately taken to Goodyear for an all point inspection which during further inspection it was revealed that the wheel arm was broken and needed replace [2] included the belts, hoses and wheel alignment and approve the payment to Boakye. The wheel alignment could not be completed due the harm control that support the tire broken. Rajapakse was willing to pay the 291.00 to have the repair done and pending payment approved. As the pinging noise became louder and that point the mechanic stated it would not be necessary to replace the hoses and belts because the motor appeared to be going out. All mechanical work cease with Goodyear and Goodyear advised her to have the vehicle returned to the seller. Rajapakse left Goodyear and went to two additional mechanics who deals with transmissions ( Maxi Auto Repair and East Ridge Repair ) who listened to the motor and told her the motor was going out quickly. Rajapakse finally had the vehicle to be reviewed by Antonio Repair shop who stated the vehicle needs the motor replaced and he could find a low motor with mileage for 2500.00 or a motor with some high mileage for 1500.00. Rajapakse was informed to junk the vehicle she would receive 200.00 to 300.00. Based on the information Rajapakse sent Boakye him a settlement offer related to the

---

[1] In Virginia, if a dealer sells a car "As Is," they must give you another statement about an As Is sale. This must be on the front of your buyer's order. It must say the following things. "I understand that this vehicle is being sold AS IS with all faults and is not covered by any dealer warranty. I understand that the dealer is not required to make any repairs after I buy this vehicle. I will have to pay for any repairs this vehicle will need.''In an "As Is" sale, if you do not get the AS IS statement on the front of your buyer's order, and do not get the Buyer's Guide, you have 30 days to cancel the sale. In this case, you may return the car and get back most of the payments you made.
[2]

undisclose information of the vehicle and rejected the vehicle. The vehicle has been parked in the driveway of Rajapakse's home in an attempt to work out an agreement for pick up of the vehicle since no agreement between the Rajapakse and Boakye in resolving this matter. The vehicle is a road hazardous at this time and partial inoperable at this time.

## COMMUNICATION BETWEEN RAJAPAKSE AND BOAKYE

At April 16, 2021 @4:45am Rajapakse accepted deliver of the vehicle and immediately inspected the vehicle within the 2 days as required by Escrow.com. Upon turning on the vehicle there was loud pinging and heavy smoke coming from the exhaust. Rajapakse immediately texted Boakye informing him of the delivery and the issues with the motor. At 7:25am the same day Rajapakse and Boakye spoke over the phone regarding the condition of the motor and informed Boakye stated to him that the sale was conditional after the inspection of the motor and could it pass inspection. Boakye stated he when he purchased the vehicle three (3) years ago the motor was pinging and his mechanic informed him that the vehicle was in good condition a year before he place the listing on Ebay. After hanging up the phone Rajapakse viewed the Virginia Bill of Sale and notice there was another issue not disclosed on the Ebay listing. Rajapakse texted Boakye about the issue and he informed her that the power train to detect indication of dry or wet did not work. Being the vehicle bein a all wheel drive was important in driving. The vehicle was taken to Auto Zone for an intial inspection and was told since there were no lights they could not inspect. The vehicle was taken to Hamilton County Vehicle Inspection in which the vehicle passed. Shortly after the pinging began which the inspector informed her that if she had heard it prior to she would failed the vehicle. The vehicle was taken to Goodyear Auto Center and was inspected. The inspection stated the arm contol that control the tire on the vehicle was broken and needed repair. Rajapakse was willing to

have the control repaired at her own cost along with the belt and oil change and would approve the sale of the vehicle. During the inspection the mechanic informed Rajapakse to have the motor checked out because the pinging could indicate the motor was going out. To confirm Goodyear's findings because the mechanic was not certified in transmission had the vehicle inspected by three other transmission expert, Maxi Auto, East Ridge Auto, and Antionio Auto Repair who confrim the motor had thrown a rod and was undriverable. Rajapakse contacted Boakye and informing him of the findings. Rajapakse states Boakye was not surprised and consented to Rajapakse to contact Escrow.com and whatever findings he would consent. Rajapakse offered Boakye 300.00 for the vehicle due to the cost of the motor replaced (used )would cost Rajapakse . Rajapakse found a motor for the vehicle totaling 1500.00-2500.00. Rajapakse money was being held in Escrow.com and funds returned to her would assist in repairing the vehicle. Boakye and Rajapakse consented to the agreement but later Boakye rescinded to the agreement and wanted 1500.00 for the vehicle. Rajapakse already in financial hardship offer to pay half to have the vehicle; Boakye refused.

## PROCEDURE BETWEEN EBAY AND EBAY MOTORS

On April 16,2021 Rajapakse contacted Ebay and Ebay Motors informing them the listings submitted by Boakye failed to disclose the full condition of the vehicle prior payment and shipping of the vehicle. Rajapakse spoke with Ebay Motors Hotline, Austin, Eric, Thomas who informed her she was eligible for Vehicle Protection Program based on the listed created by Boakye. Emal communication was sent to Rajapakse for her to file a claim in seeking reimbursment; Rajapakse filed a claim. Rajapakse asked Ebay to red flag Boakye account and requested an email to provided documentation to support her claim; Ebay denied Rajapakse's request. Rajapakse also requsted

Ebay to communicate with Escrow.com in mediation and or arbitration; Ebay declined Rajapakse's request. Ebay denied Rajapakse claim for Vehcle Protection stating the vehicle was over 20 years old and the in order for the claim to be reviewed as fraud the seller would have to fail to provide the title or the title could not be registered. Rajapakse stated if she changes the title the vehicle would become her property and the funds would be released but the fraudulent agreement would be satisfied. Ebay has refused to take any action related to this pending fraudulent act.

### PROCEDURE BETWEEN RAJAPAKSE AND ESCROW.COM

Rajapakse contact Escrow.com on April 16,2021informing the company the Seller had failed to fully disclose relevant information regarding the vehicle. Rajapakse was instructed to reject the sale and list the reason why. The Agent informed Rajapakse that after the rejection Escrow. Com would work with the buyer and seller to work out some kind of agreement. The rejection of the sale and the reason would allow another department to review the transaction and would hold the funds up from the seller until an investigation. Documentaion submiited to Support@escrow.com was supported to Rajapakse's claim against Boakye. Escrow. Com began to inform Rajapakse it was still her responsibility to return the vehicle at her own cost. It was impossible for the vehicle to be moved due to the motor int the vehicle and financial hardship, without resolution Rajapakse contact an employee name Jackson and explain the seller had commited fraud and she was would only repair the vehicle if he came down on the price. Escrow Agent never attempted to investigate the issue but informed her that it was sill considered a " regual tranaction". Rajapakse repeatedly informed Agents at Escrow.com she was facing a financial hardship due to the seller's fraud and he should be totally responsible for the return of the vehicl e

for failure to disclose. Escrow.com has failed to address the fraud and failure to disclosed and informed Rajapakse and Boakye funds would be released within the 10 days to the seller.

## <u>EVIDENCE TO BE INTRODUCE INTO THE COMPLAINT</u>

Evidence submitted into this complaint under ***Fed. R. Civ. P. 901*** authentic of evidence including *Rule 26(f)* of electonic commication including emails, wire transfers, recorded telephone communication store in computers and devices whch could be introduce into the court.

**<u>Expert Witness:</u>** Sergent Styles with the FairFax County Police Department Economic Crimes Division will with knowledge of investigation of scammers using Social media including Ebay and Ebay Motors. Sgt Styles will provide knowledge information of Plaintiff matter between the parties and provided stored documentation (***Report: E211091190***) as it relates to criminal activites. Sgt. Styles has experience in handling internet crimes against consumers and is affidavit and tesimony is relevant in this matter against the Defendants. Sgt. Styles expert knowledge has identified this cause by reviewing of documenta including emails of Evans A. Boakye as a criminal scammer using websites such as Ebay to deceit and commit fraud against consumers.

Since Ebay and Escrow are both online companies the transaction between Rajapakse and Boakye should have been quickly identified and local law enforcement should have been called.and Rajapakse's claim should have been taken as a criminal intent to commit fraud by wire electronic funds.

COMPLAINTFRAUDMISREPRESENTATIONBREACH OF CONTRACT - 20

**Electronic Stored Device:** Under *Fed. R. Civ. P. 36* of Discovery email communication between the Plaintiff and all Defendants but not limited to emails, recorded phone calls, *U.S. v. West, 948 F.2d 1042, 34 (6th Cir. 1991)* , notes, computer stored information. The most critical and relevant emails are of Defendant Borkye in his defense as his omission of a crime in progress against Rajapakse. Under the privlage of discovery under Fed. R. Civ. P. 36 of Disclosure and Rule 26(b) provides that " parties" may obtain discovery regarding any non-priviledged matter that is relevant to any party's claim of setting additonal claims against the Defendants. And all discover will focus on relevant evidence and such evidence may not be admitted into evidence into the record of the court. Additional evidence may be entered during discovery that is relevant to this camplaint.

## ESCROW.COM NEGLIENCE IN ASSISTING WITH FRAUD AGAINST CONSUMERS

Escrow. Com website is established to protect both seller and buyer from fraud and risk. If the buyer is unhappy then the buyer is responsible for the return of the vehicle. This policy is for a normal transaction which is the same policy in the even Fraud is committed by the seller to the buyer. The buyer is responsible for all cost if the seller has been shown to commit fraud another another person. Plaintiff has repeatedly contacted Escrow.Com and Ebay informing both companies the Boakye intent to fraud Rajapakse with intent and forethought as a " normal" protocol transaction. With full knowledge of Boakye's intentionally of fruding Rajapakse. Escrow.Com has failed to investigate or take any action against Boakye to deter or prohibit him from fruding Rajapakse. In fact, Escrow.com has supported Boakye fraudulent criminal act by

automatic surrending the funds to Boakye within ten (10 ) days even if Rajapakse object and Boakye refuse to go half on the shipping or reduce the sale of the vehicle, or notify the company's bonding company of such criminal fraud. Rajapakse under the term of " fraud" by the courts, contact the Fairfax County Police and Sheriff Department and filed a consumer complaint against Boakye under the Virginia Lemon Law for failure to disclose the motor failure making the vehicle inoperable for everyday driving and contacted Escrow.com updating the information in seizing her fund being distributed to Boakye. Boakye replied to Rajapakse and Escrow stating that Rajapakse should have known with the year, model, and the mileage of the vehicle she was looking for a new engine and he did not have to disclose the condition of the engine because the vehicle passed inspection and it was like that when he purchased the vehicle. Rajapakse informed Escrow.com she found a card from a Paul Repair shop in New Jersey, Boakye former residence further stating he had informed Boakye the motor was going out prior to moving to another state. during the inspection period emails sent to Rajapakse and Escrow.com Boakye has admitted he did not disclose her of the condition of the engine but stated items he did put on the vehicle as if it was " just the same. " Escrow with fully knowledge of documentation and admission of fraud to Rajapakse causing Rajapakse financial hardship contine to place full liability of returning the vehicle to the seller instead of acknowledging responsibility to Boakye. Escrow does not have the right to arbitrate a criminal act being commited by a seller to a buyer.


## NEGLENCE BY EBAY.COM AND EBAY MOTORS IN FRAUD SCAM

Rajapakse contacted Ebay and Ebay Motors over the fraudulent contract and was told she was eligilble for Buyers Protection Program over the sale of the vehicle. Once documentation support a seller using their website to defraud, scam a buyer, Ebay had a legal right to report it and

COMPLAINTFRAUDMISREPRESENTATIONBREACH OF CONTRACT - 22

hold the seller reliable to the return of their property; not the seller. This policy makes the buyer a victim twice by the scammer and Ebay for accompanying the criminal action.

### INJURIES CAUSED BY DEFENDANT
### ESCROW.COM RELATED TO FRAUD

Plaintiff has to explain her injury to be " fairly" tracable to the challenged action of the Defendant, *Lijan v. Defenders of Wildlife, 504, U.S. 555, 560(1992)*. Rajapakse who saved for a cash vehicle has lost almost of entire funds over this tranaction which is suppose to be protected by Ebay and Escrow.Com. During this pandemic scammers are becoming creative in defrauding consumers of funds, Plaintiff is one of them. Ebay and Escrow who are partners between buyers using their services and being protected has neglected to protect Rajapakse in a well-document and admission of fraud cause against her. A company is liable if it has been established Fraud has been conmmited by a party and the binding contract is not void. The Eight Circuit held that fraud in a state court action may invoke the Federal Court Jurisdiction , *Euge v. Smith, 418 F.2d 1296 ( 8th Cir. 1969)*.

Finally, Plaintiff has address the terms as "fraud" defined as false pretense, false representation, *Husky Intern Electronics, Inc. v. Ritz, 136 S. Ct. 1581 194 L. Ed. 2d 655 84 U.S.LW. 4270* .

### RELIEF SOUGHT BY ALL DEFENDANTS

1.Plaintiff is seeking reimbursement expenses from Defendant Evans A. Boakye related to the vehicle for his failure to fully disclose.

COMPLAINTFRAUDMISREPRESENTATIONBREACH OF CONTRACT - 23

2.     Plaintiff is seeking Punitive and Statory damages against Defendant Evans A. Boakye for emotional and physical Duress in the amount of $75,000.00 (seventy-five Thousand Dollars).

3.     Plaintiff is seeking Punitive and Statory damages against Defendant Escrow.com for emotional and physical damages related to their assistance in fraudulent criminal act.

5.   Plaintiff is seeking Punitive and Statory damages against Defendant Ebay.Com and Ebay Motors emotional and physcial damages related to their assistance in a fraudulent criminal act.

  The court may award Plaintiff additonal damages after additional evidence is introduced to the record of the court.

Samantha Rajapakse /s/
Samantha Rajapakse
Plaintiff/Pro se