UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMANTHA RAJAPAKSE,<br><br>                              Plaintiff,<br><br>v.<br><br>ESCROW.COM et al,<br><br>                              Defendants. | Case No.:  21-cv-0801-GPC-MDD<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE FOR IMPROPER VENUE**<br><br>**[ECF Nos. 2, 3, 6, 8]** |

The Court issued an Order to Show Cause ("OSC") as to whether the U.S. District Court for the Southern District of California is the proper venue for this lawsuit. ECF No. 6. Specifically, the Court raised concerns that Plaintiff's Complaint has not satisfied the venue requirements provided in 28 U.S.C. § 1391(b), by showing this district is where the Defendants reside, or where a substantial part of the events giving rise to the claim occurred. *See id.* at 1–2.

Plaintiff's Response to the OSC ("Response") confirms the Court's initial concerns that the venue in the Southern District of California is improper. Indeed, the locations primarily implicated by the lawsuit are: (1) Virginia, *see* Resp. 3, ECF No. 8; (2) Tennessee, *see id.* at 3, 5; and (3) San Francisco, California, *see id.* at 6–7, 9–10.

The only passage in Plaintiff's Response that references the Southern District of California is the following:

> Plaintiff, Samantha Rajapakse believed without doubt Ebay Motors located in San Diego, California would honor their website of Buyer Protection Program seeking reimbursement after documentation presented to Ebay the seller had committed fraud by failing to disclose the true condition of the vehicle under Tennessee and Virginia laws by refusing to investigate and taking reasonable cause and action to protect her from fraudulent and risk transaction as stated on their website.

*Id.* at 7. Plaintiff's "belief" that Ebay Motors is "located in San Diego, California" is not alleged in the Complaint or supported by any additional fact or evidence. Indeed, the statement above is contradicted by a representation contained in the Complaint, *see* ECF No. 1 at 2 ("Ebay and Ebay Motors, is a business where it [sic] operation is located at Hamilton in San Jose, California."), and it appears that this representation made in the Complaint is true. *See* eBay Motors, LinkedIn (accessed June 16, 2021, 5:13 PM), https://www.linkedin.com/company/ebaymotors/about/.[1]

It also appears that Plaintiff, in establishing venue, primarily relies on the fact that this Court has personal jurisdiction over the Defendants. *See* Resp. 10–13, ECF No. 8. It is true that venue may exist due to the Court having personal jurisdiction over Defendants. *See* 28 U.S.C. § 1391(b)(3). However, Section 1391(b)(3) is explicit on

---

[1] The Court, on its own, may take judicial notice of information on an official website as long as it is "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201; *Ayala v. Cnty. of Imperial*, No. 15CV397-LAB (NLS), 2017 WL 469016, at *2 (S.D. Cal. Feb. 3, 2017) (citing *Matthews v. Nat'l Football League Mgmt. Council*, 688 F.3d 1107, 1113 (9th Cir. 2012)); *see also Threshold Enterprises Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) ("In general, websites and their contents may be judicially noticed.").

when a litigant can invoke this provision for venue purposes.  A civil action may be initiated in: "*if there is no district in which an action may otherwise be brought as provided in this section*, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." *Id.* (emphases added).  In other words, (b)(3) is a "fall-back venue statute," which only applies if venue cannot be established by (b)(1) (residency of defendants) or (b)(2) (location of the events giving rise to the claim).  *See, e.g.*, *Couser v. Pre-Paid Legal Servs., Inc.*, No. 12-CV-2575-LAB-WVG, 2013 WL 12116602, at *1 (S.D. Cal. Dec. 20, 2013) (citations omitted); *Color Me Mine Enterprises Inc. v. S. States Mktg. Inc.*, No. CV1200860RGKJCX, 2013 WL 12130004, at *2 (C.D. Cal. Jan. 4, 2013).  Since Plaintiff could file her lawsuit in other districts under Section 1391(b)(1) or (b)(2), Section 1391(b)(3) is inapplicable in the instant lawsuit, and personal jurisdiction does not establish venue here.

       Having established that venue is improper in the Southern District of California, the Court must decide whether to transfer the case, or dismiss the case without prejudice.  *See* 28 U.S.C. § 1406(a).  The problem with a transfer on the Court's own initiative is that there are several districts that may qualify as an appropriate place to initiate this lawsuit.  *See* Compl. 2–3, 20, ECF No. 1 (discussing Virginia law and witness, and how the Parties reside in: Chattanooga, Tennessee; San Francisco, California; San Jose, California; and Lorton, Virginia).  Depending on the applicable case law, local rules, available witnesses, accessibility to the courthouse, and even the residing judges, certain districts may be more advantageous for Plaintiff to litigate over others.  It would be arbitrary for this Court to dictate such important strategic matters without giving Plaintiff the opportunity to decide on her own.  Therefore, the Court concludes that dismissal without prejudice—i.e., without any consequences relating to preclusion, and permitting Plaintiff to re-file the lawsuit in a different district—is the most prudent course of action, so that Plaintiff may maximize her ability to prosecute this case.

For the reasons discussed above, the Court **DISMISSES without prejudice** the entire action.  Plaintiff is encouraged to re-file the lawsuit at a different federal court, specifically in the location that is related to what is alleged in the Complaint.[2]

**IT IS SO ORDERED.**

Dated:  June 17, 2021

Hon. Gonzalo P. Curiel
United States District Judge

---

[2] Since the Court dismisses the entire case for improper venue, the Court declines to rule on Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* and Motion to Appoint Counsel, ECF Nos. 2, 3.